IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FREDDIE WILLIAMS,**

      **Plaintiff,**

      v.                                                    CASE NO. 23-3196-JWL

**JONATHAN BOND, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Freddie L. Williams, who is incarcerated at the Wyandotte County Detention Center in Kansas City, Kansas initiated this matter by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On August 18, 2023, the Court issued a memorandum and order noting that Plaintiff is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g), so he may not proceed without prepayment of the filing fee unless he shows that he is under imminent danger of serious physical injury. (Doc. 2.) Because the complaint did not make such a showing, the Court ordered Plaintiff to pay the full $402.00 district court filing fee on or before September 18, 2023, or the Court will dismiss this matter without prejudice and without additional prior notice to Plaintiff. *Id.*

The matter comes now before the Court on Plaintiff's motion for a 60-day extension of time in which to pay the full filing fee. (Doc. 3.) Plaintiff explains that he is currently incarcerated and has no money to pay the filing fee. *Id.* at 1. Plaintiff also argues that his claim is not frivolous and "any act of assault, battery, or harm that results in physical injury in in compliance with Johnson, to proceed without payment." *Id*. at 2. Finally, Plaintiff mentions in his motion that he

1

would like a change of judge. *Id.* at 1. He asserts that the undersigned has "a personal history of vindictive prosecution with Plaintiff . . . and is using this Act to be cruel, just to dismiss Plaintiff's case." *Id*. at 1-2.

Under 28 U.S.C. § 1914(a), "the plaintiff must ordinarily prepay the filing fee" unless he or she is granted leave to proceed in forma pauperis. *Hoffmeister v. United Student Aid Funds, Inc.*, 818 Fed. Appx. 802, 805 (10th Cir. 2020) (unpublished); *see* also 28 U.S.C. § 1914(a) ("The clerk of each district court *shall* require the parties instituting any civil action . . . in such court . . . . to pay a filing fee . . . ." (emphasis added)). Because he is subject to the three-strikes provision, Plaintiff's lack of funds to pay the filing fee does not entitle him to proceed without prepayment of the fee unless he shows imminent danger of serious physical harm. As explained in the previous order, to meet the imminent danger exception, the harm must be *imminent* or occurring at the time the complaint is filed; "allegations of *past* harm do not suffice." *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (citations omitted) (emphasis added). In his complaint here, Plaintiff has alleged that he suffered harm *in the past*. He therefore fails to meet the exception to the prepayment requirement. Thus, the Court's previous order stands, and Plaintiff is allowed to and including September 18, 2023 to submit the full filing fee. If Plaintiff does not pay the full fee on or before September 18, 2023, the Court will dismiss this matter without prejudice.[1]

As for Plaintiff's request for a change of judge, the Court will treat it as a request for recusal. Plaintiff claims the undersigned is "intentionally using the three strikes rules to intentionally dismiss Movant cases(s) . . . denying him the right of Due Process and trial by jury." Doc. 3, at 1. He further asserts that the undersigned "knows Plaintiff['s] name from a federal case

---

[1] A dismissal without prejudice will not bar Plaintiff from refiling this matter at a later date when he is able to pay the full filing fee, although Plaintiff should be aware of other potential bars, such as any applicable statutes of limitation.

in 2008, where the Judge sentenced him to prison harshly for a box of bullets." *Id*.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing

all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960.  A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).  "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993).  "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id*. (quoting *Cooley*, 1 F.3d at 993).  "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).  A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted).  Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.  Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping

4

device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper.  Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality.  Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for a new judge is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for extension of time (Doc. 3) is **denied**. The full filing fee remains due on or before September 18, 2023.

**IT IS SO ORDERED.**

DATED:  This 5th day of September, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge